# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:11CV87-03-V
# (5:08CR21-V)

| | |
|---|---|
| ABDALLAH H. FAKIH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) |
| v. | )  **MEMORANDUM AND** |
| | )  **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. §2255, filed June 22, 2011. (Doc. No. 1). No response is necessary from the Government.

## I. PROCEDURAL HISTORY

On April 25, 2008, Petitioner was named in two counts of a four-count Bill of Indictment with bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2, and armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2. (Criminal Case 5:08cr21, Doc. No. 1: Indictment). On January 14, 2009, following a jury trial, the jury found Petitioner guilty of both counts. (Id., Doc. No. 61: Jury Verdict). On August 4, 2009, the Court sentenced Petitioner to a 235-month term of imprisonment on each of count, to be served concurrently, followed by three years of supervised release. (Id., Doc. No. 95: Judgment). On August 18, 2009 Petitioner filed a Notice of Appeal in the Fourth Circuit Court

of Appeals challenging both his convictions and sentence. (Id., Doc.. No. 98: Notice of Appeal). On appeal, Petitioner raised two challenges to his convictions: (1) this Court should have granted his motion for a mistrial after the prosecutor drew the jury's attention to his pre-trial detention; and (2) this Court plainly erred in permitting the prosecutor to mention the box of gloves found in his car without admitting the box into evidence. Petitioner also challenged his sentence arguing that this Court procedurally erred in sentencing him by crediting the finding that Petitioner "armed" the robbers in the Presentence report ("PSR") and by enhancing his sentence by two points for the carjacking of Mr. Woods. On April 19, 2011, in an unpublished decision, the Fourth Circuit Court of Appeals affirmed Petitioner's convictions and sentence specifically rejecting each of Petitioner's claims. United States v. Fakih, 2011 WL 149977 (4th Cir., April 19, 2011).

On June 22, 2011,[1] Petitioner filed the instant Motion to Vacate alleging that: (1) the jury was unfairly prejudiced and biased against him and his counsel was ineffective at trial and sentencing. Petitioner also contends that his "sentence is both cruel and unusual as the sentence imposed is excessive, inconsistent and is based upon information and evidence which not properly entered into the record at trial and as a result did prove to be prejudicial and unfair towards defendant." (Doc. No. 1 at 5).

## II. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the ground that it

---

[1] Although Petitioner's Motion to Vacate was received at the Court and filed by the Clerk on June 27, 2011, such document was signed and mailed on June 22, 2011. Consequently, pursuant to the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Motion to vacate as having been filed on June 22, 2011.

2

is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S. C. §2255. However,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, 28 U.S.C.A. foll. § 2255. The Court, having reviewed the record of proceedings below, enters summary dismissal for the reasons stated herein.

### III. DISCUSSION

**A.  Ineffective Assistance of Counsel**

Petitioner argues that his counsel was ineffective at trial and at sentencing and that he was "entitled to counsel whose loyalties were with [him]." (Doc. No. 1 at 4).

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). To establish Strickland prejudice, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but

3

also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). In challenging his sentence, a petitioner must show, at a minimum, a "reasonable probability that his sentence would have been more lenient" but for counsel's errors. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (internal quotations omitted). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In support of his claim that his counsel was ineffective, Petitioner simply states that his '[a]ttorney [] in this matter provided inadequate service and assistance to defendant in this matter at trial and at sentencing" and that he "was entitled to counsel whose undivided loyalties were with defendant." (Doc. No. 1 at 4). Petitioner's claim is conclusory and completely unsupported by any evidence. Petitioner has not established either deficiency or prejudice as is required under Strickland and his claim must be denied.

### B. Remaining Claims are Procedurally Defaulted

Petitioner contends that the jury in his trial was biased against him and that the sentence imposed was cruel, excessive and based upon information and evidence not properly entered into the record.

Petitioner did not raised either one of these claims on appeal.[2] Generally, claims that

---

[2] To the extent the Court concludes that Petitioner raised some portion of his current sentencing claim on direct appeal, such claim would be procedurally barred. Indeed, the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a

4

could have been, but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604 (1998). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 184-86, 99 S.Ct. 2235 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[3] See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584 (1982)).

Cause means some impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial create[d] a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. 167-68 (1982). In this case, Petitioner has not met his burden in establishing cause for failing to raise these claims on

---

defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim or a portion of this claim in this proceeding. Therefore to the extent he did raise this claim or a portion of this claim on appeal, the claim is procedurally barred on collateral review.

[3] Petitioner makes no claim of actual innocence.

direct appeal.  Therefore, Petitioner's claims that his jury was biased and that his sentence was cruel, excessive and based upon information and evidence not properly entered into the record are procedurally defaulted in that they were not raised on direct appeal and Petitioner is now barred from raising these claims on collateral review.

## IV. CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence plainly shows that Petitioner is not entitled to relief on any of the claims contained in his Motion to Vacate.

## V.  ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside or Correct sentence pursuant 28 U.S.C. §2255 is hereby **DENIED** and is dismissed;

(2) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not  has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED**.

Signed: August 8, 2011

Richard L. Voorhees
United States District Judge

6